FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMELIA G.A., | No.  2:21-CV-00350-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| COMMISSIONER OF SOCIAL | **PLAINTIFF'S MOTION FOR** |
| SECURITY ADMINISTRATION, | **SUMMARY JUDGMENT;** |
| Defendant. | **DENYING DEFENDANT'S** |
| | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 11, and Defendant's Cross-Motion for Summary Judgment, ECF No. 15. The motions were heard without oral argument. Plaintiff is represented by David Lybbert. Defendant is represented by Shata Stucky and Brian Donovan. For the reasons set forth below, the Court grants Plaintiff's motion, denies Defendant's motion, and remands this matter for further proceedings.

**Jurisdiction**

On July 6, 2018, Plaintiff filed a Title II application for disability insurance benefits, and a Title XVI application for supplemental security income. In both applications, Plaintiff alleged disability beginning September 1, 2014.

Plaintiff's application was denied initially and on reconsideration. On September 23, 2020, Plaintiff appeared and testified at a telephonic hearing before

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

an ALJ. At the hearing, Plaintiff's representative attorney amended the onset date to July 1, 2017 and also requested a supplemental hearing to allow Plaintiff to testify as to her symptoms with the assistance of a Spanish language interpreter. A supplemental hearing was held on December 30, 2020.

The ALJ issued a decision on January 15, 2021, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on October 18, 2021. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on December 16, 2021. ECF No. 1. The matter is before this Court under 42 U.S.C. § 405(g).

<b>Sequential Evaluation Process</b>

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### I.  Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 51 years old. She has prior work as a potato trimmer/agricultural produce sorter, housekeeper, agricultural produce packer and animal caretaker. She previously applied for benefits and was denied. She asserts her conditions have worsen since then, including degenerate changes in her spine, increased pain, as well as numbness, tingling, and cramping in her legs. She testified that she cannot sit longer than 10-15 minutes. She testified that she spends most of her day on the couch, in a recliner or in bed and she must change her positions often. She also testified that her anxiety makes it difficult to sleep at night. She testified that she only goes grocery shopping with her daughter and her daughter carries the groceries into the house.

### The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements of the SSA through December 31, 2019. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 1, 2017. AR 69.

At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, sacroiliitis, obesity, major depressive disorder, panic disorder and posttraumatic stress disorder. AR 69.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 70-71.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can stand and/or walk for only one hour at a time and can never crouch; crawl; or climb ladders, ropes, or scaffolds. She can only occasionally balance, stoop, and kneel and can less than occasionally climb flights of stairs. She needs to avoid unprotected heights, as well as occasional exposure to extreme temperatures and excessive vibration. In addition, the claimant is limited to work that does not require fluency in English; is simple, routine, and unskilled; and requires only occasional and superficial interaction with the public and coworkers.

AR 72. At step four, the ALJ found that Plaintiff is incapable of performing any past relevant work. AR 79.

At step five, the ALJ found Plaintiff was not disabled on the basis that she could perform other work which exists in significant numbers in the national economy, including positions such as small products assembler, electrical accessories assembler, and routing clerk. AR 80.

### Issues for Review

1.  Did the ALJ properly reject fibromyalgia and/or chronic pain as a severe impairment?

### Discussion

**1.      The ALJ's Rejection of Fibromyalgia as Severe Impairment**

Plaintiff argues the ALJ erred in failing to find that fibromyalgia or chronic pain was a severe impairment. The ALJ concluded there was no clear evidence of fibromyalgia in the record. Specifically, the ALJ concluded that the requirements of SSR 12-2p were not met.

"Fibromyalgia is 'a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue.'" *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004)). The Ninth Circuit has recognized that fibromyalgia is diagnosed primarily based on the patient's self-reported symptoms. *Id*. And there are no laboratory tests to confirm the diagnosis. *Benecke*,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

379 F.3d at 590. Typical symptoms include "chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue." *Id*. at 590. That said, generally those suffering from fibromyalgia have muscle strength, sensory functions and reflexes that are normal. *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) (Ferguson, J., dissenting).

SSR 12-2p provides guidance on how fibromyalgia should be evaluated. It states that fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869. Before the SSA will find that a claimant has fibromyalgia, it requires all three of the following: (1) A history of widespread pain—that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)—that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present; (2) At least 11 positive tender points on physical examination. The positive tender points must be found bilaterally (on the left and right sides of the body) and both above and below the waist. In addition, evidence that other disorders that could cause the symptoms or signs were excluded. *Id.*

A second test requires the following: 1. A history of widespread pain; 2. Repeated manifestations of six or more fibromyalgia symptoms, especially manifestations of fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder or irritable bowel syndrome; and 3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. *Id.*

When a claimant has established a fibromyalgia diagnosis the ALJ is required to consider the longitudinal record. *Revels*, 874 F.3d at 657 (noting SSR 12-2p "warns that after a claimant has established a diagnosis of fibromyalgia, an

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

analysis of her RFC should consider 'a longitudinal record whenever possible'"). SSR 12-2p recognizes that the symptoms of fibromyalgia "wax and wane," and that a person may have "bad days and good days." SSR 12-2p, 2012 WL 3104869, at *6.

In September 2020, Dr. Hardy noted that Plaintiff had joint tenderness to palpation in her wrists and shoulders bilaterally. He noted "fibro hotspots" in "shoulders, ant and post, elbows and wrists." He diagnosed fibromyalgia and chronic pain syndrome. Additionally, in December 2020, Dr. Hardy stated his diagnosis of fibromyalgia was due to Plaintiff's widespread pain and discomfort, her "fibro markers" of tenderness to palpation in the appropriate areas and also complaints of fatigue, weakness and depression. Dr. Hardy has been prescribing medication for Plaintiff's fibromyalgia since at least December 2019. Dr. Hardy noted that Plaintiff does not have any significant findings on MRI that can explain the level and amount of pain she is experiencing.

The ALJ rejected Dr. Hardy's opinion with respect to his limitation, but it did not adequately explain why Dr. Hardy's diagnosis of fibromyalgia was not supported by his objective findings. As such, the ALJ's finding that Plaintiff's fibromyalgia was not a severe impairment is not supported by substantial evidence.

**Conclusion**

The ALJ's failure to find that fibromyalgia was a severe impairment tainted its remaining findings. As such, remand is necessary so the ALJ can adequately evaluate evidence in the record, including Dr. Hardy's diagnosis of fibromyalgia to determine whether Plaintiff is disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** for further proceedings consistent with this Order.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 5th day of December 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**